# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MICHAEL CURRY<br><br>    Plaintiff,<br>v.<br><br>G & S GAS SERVICE, INC.<br><br>    Defendant. | **JURY TRIAL DEMANDED**<br><br>Civil Action File No. |

## COMPLAINT FOR DAMAGES

COMES NOW, MICHAEL CURRY Plaintiff in the above-captioned lawsuit and files this Complaint for Damages against G & S GAS SERVICE, INC. ("G&S GAS") and showing this Honorable Court as follows:

### NATURE OF ACTION

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred at the intersection of Georgia Highway 540 and Georgia Highway 18 on November 16, 2020 in Wilkinson County, Georgia.

### PARTIES, JURISDICTION, and VENUE

2.

Plaintiff MICHAEL CURRY is a citizen of the State of Florida.

3.

Defendant G&S GAS is a Georgia corporation existing under the laws of the State of Georgia with its principal place of business being in Georgia.  G&S GAS can be served with process through its registered agent, Larry Garrett at 507 S Wayne Street, Milledgeville, Georgia 31061.  Once served with process, Defendant G&S GAS is subject to the jurisdiction and venue of this Court.

4.

This Court has subject matter jurisdiction over the claims asserted in this Complaint.

5.

Venue is proper.

6.

The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.

There is complete diversity among the parties.  Plaintiff is not a citizen of the same state as Defendant.

8.

Defendant is subject to the jurisdiction and venue of this Court pursuant to 28 U.S.C § 1332, 28 USC § 1391(b), and other applicable law.

## FACTS

9.

The subject collision described below took place on November 16, 2020 at the intersection of Georgia Highway 540 and Georgia Highway 18 in Wilkinson County, Georgia.

10.

On November 16, 2020, Garrett Bell was operating a 2001 Chevrolet Silverado (the "G&S Truck") on Georgia Highway 18 heading south towards the intersection with Georgia Highway 540.

11.

The G&S Truck being operated by Garrett Bell on November 16, 2020 was owned by G&S GAS.

12.

At the same time, James Hooker was operating a 2015 Peterbilt Tractor (the "Lisk Truck") on Georgia Highway 540 heading west towards the intersection with Georgia Highway 18.

13.

At the same time, Plaintiff MICHAEL CURRY was performing work for his employer, Roadsafe Traffic Systems, Inc. near the intersection of Georgia Highway 540 and Georgia Highway 18.

14.

Plaintiff MICHAEL CURRY was standing near a Roadsafe Traffic Systems, Inc. vehicle (the "Roadsafe Truck") that was parked in a gore area near the eastbound lanes of Georgia Highway 540.

15.

Plaintiff MICHAEL CURRY was acting in a safe and reasonable manner.

16.

Suddenly and without warning, Garrett Bell entered the intersection of Georgia Highway 540 and Georgia Highway 18.

17.

James Hooker attempted to avoid a collision by steering left.

18.

The Lisk Truck being operated by James Hooker struck the G&S Truck being operated by BELL.

19.

The Lisk Truck then struck the front of the Roadsafe Truck.

20.

The impact between the Lisk Truck and the Roadsafe Truck caused the pull-behind air compressor on the Roadsafe Truck to strike Plaintiff MICHAEL CURRY.

21.

Garrett Bell failed to yield at the time of the subject collision in violation of O.C.G.A. § 40-6-72.

22.

Defendant BELL is responsible for causing the collision and the injuries that MICHAEL CURRY suffered as a proximate result of the collision.

23.

Plaintiff did not cause or contribute to the subject collision.

24.

There was nothing that MICHAEL CURRY could have or should have done to avoid or minimize the collision.

25.

As a result of the collision, Plaintiff MICHAEL CURRY suffered severe and permanent personal injuries.

26.

At all times material hereto, G&S GAS was a motor carrier authorized by the United States Department of Transportation and the Federal Motor Carrier Safety Administration to operate for profit in <u>intrastate</u> commerce.

27.

At all times material hereto, G&S GAS was an <u>intrastate</u> motor carrier authorized to operate in the State of Georgia for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

28.

Garrett Bell was operating the G&S Truck under the motor carrier authority of G&S GAS at the time of the subject collision.

## CLAIMS

### COUNT I: *RESPONDEAT SUPERIOR* AGAINST G&S GAS

29.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

30.

At all times material to this action, Defendant Garrett Bell had a legal duty to adhere to all Georgia traffic laws.

31.

At all times material to this action, Defendant Garrett Bell had a duty to operate the G&S Truck in a safe and prudent manner.

32.

At all times material to this action, Defendant Garrett Bell had a duty to act in accordance with his training so as not to endanger the lives and welfare of Plaintiff and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from other vehicles, and operating the G&S Truck at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

33.

Defendant Garrett Bell breached his duty by operating the G&S Truck in an unreasonable and unsafe manner at the time of the subject collision.

34.

Defendant Garrett Bell was negligent in the operation of the G&S Truck during the subject collision in at least the following ways:

(a)  Failing to yield;

(b)  Failing to keep a lookout for other vehicles;

(c)  Failing to perform a proper visual search;

(d)  Failing to properly manage his space;

(e)  Causing a collision to occur with the Lisk Truck;

(f)  Causing a collision to occur between the Lisk Truck and the Roadsafe Truck;

(g)     Failing to drive defensively;

(h)     Failing to operate the G&S Truck in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff in particular, in grave danger;

(i)     Failing to adhere to safe driving principles expected of ordinarily careful drivers;

(j)     Failing to operate the G&S Truck in accordance with generally accepted safety principles for ordinarily careful drivers;

(k)     Failing to operate the G&S Truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

(l)     Otherwise failing to act reasonably and prudently as a driver should under the circumstances; and

(m)    Such other specifications of negligence that shall be added by amendment or proven at trial.

35.

Defendant BELL breached his duties and was negligent in at least one or more of the respects described above.

36.

Additionally, Defendant BELL's conduct violated Georgia law including but not limited to O.C.G.A. § 40-6-72 (failure to yield); O.C.G.A. § 40-6-241 (failing to

operate his vehicle with due care); and O.C.G.A. § 40-6-390 (driving a vehicle in reckless disregard of the safety of persons or property). Each such violation constitutes negligence *per se*.

37.

Defendant BELL was negligent and/or negligent *per se* in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

38.

As a direct and proximate result of the negligence of Defendant BELL, Plaintiff MICHAEL CURRY suffered severe and permanent personal injuries.

39.

At all times material hereto, Defendant BELL was an employee of G&S GAS.

40.

At all times material hereto, Defendant BELL was acting within the course and scope of his employment with G&S GAS.

41.

At all times material hereto, Defendant BELL was an agent of G&S GAS.

42.

At all times material hereto, Defendant BELL was acting within the course and scope of his agency with G&S GAS.

43.

At all times material hereto, Defendant BELL was acting in furtherance of the business interests of G&S GAS.

44.

G&S GAS is liable for the negligent actions and omissions of Defendant BELL and resulting damages pursuant to the doctrine of *respondeat superior* and the rules of agency.

45.

As a direct and proximate result of the negligence of Defendant BELL, for which G&S GAS is liable, Plaintiff MICHAEL CURRY suffered severe and permanent personal injuries.

46.

G&S GAS is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

### COUNT II:  NEGLIGENCE OF G&S GAS

47.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

48.

At all relevant times, G&S GAS was a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

49.

At all relevant times, G&S GAS was a motor carrier as defined by Georgia law.

50.

At all relevant times, G&S GAS had a legal duty to comply with the Federal Motor Carrier Safety Regulations.

51.

At all relevant times, G&S GAS had a legal duty to comply with Georgia's commercial vehicle safety regulations.

52.

At all relevant times, G&S GAS had a legal duty to comply with all commercial vehicle industry standards and practices.

53.

As an employer and motor carrier, G&S GAS had a duty to act in a reasonable manner in connection with the hiring, qualifying, training, entrusting, supervising and retaining of Defendant BELL.

54.

At all relevant times, G&S GAS had a non-delegable duty to comply with all applicable laws and industry standards and act as the motor carrier responsible for safety in relation to the truck and Defendant BELL.

55.

G&S GAS breached its aforementioned duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant BELL.

56.

As a direct and proximate result of G&S GAS's negligence, Plaintiff suffered severe personal injuries.

57.

As a direct and proximate result of each of G&S GAS's negligence, Plaintiff incurred pain and suffering and medical and other expenses.

58.

G&S GAS is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## COUNT III: PUNITIVE DAMAGES

59.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

60.

The actions of Garrett Bell and/or G&S GAS were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

61.

Accordingly, Defendant G&S GAS are liable to Plaintiff for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

## DAMAGES

62.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

63.

Defendant G&S GAS and/or Garrett Bell acted in a manner which directly and proximately caused the subject collision described above and the resulting

injuries to the Plaintiff MICHAEL CURRY including but not limited to his personal injuries, pain and suffering, lost wages, and medical expenses.

64.

As a result of Defendant G&S GAS' and/or Garrett Bell's negligence, Plaintiff MICHAEL CURRY suffered severe and permanent personal injuries and physical and mental pain and suffering including but not limited to interference with his normal living, interference with his enjoyment of life, loss of his capacity to labor and earn money, impairment of his body's health and vigor, fear of the extent of his injuries, shock of impact, his actual pain and suffering and limited daily life activities.

65.

As a result of Defendant G&S GAS' and/or Garrett Bell's negligence, Plaintiff MICHAEL CURRY incurred past medical expenses and will continue to incur future medical expenses.

66.

As a result of Defendant G&S GAS' and/or Garrett Bell's negligence, Plaintiff MICHAEL CURRY incurred lost wages and benefits and will continue to incur lost wages and benefits in the future.

67.

Defendant G&S GAS' and/or Garrett Bell's negligence is a proximate cause

of the incident described above and Plaintiff's injuries and damages.

68.

Plaintiff MICHAEL CURRY entitled to recover all personal injury, pain and suffering, past and future medical expenses, past and future lost wages and all other damages permitted under law.

**WHEREFORE**, Plaintiff MICHAEL CURRY prays that the following relief be granted:

(a) A trial by a jury;

(b) For Summons and Complaint to be issued against Defendant;

(c) For judgment to be entered in favor of Plaintiff and against Defendant;

(d) For Plaintiff to be awarded his special damages including past and future medical expenses, and past and future lost wages and benefits, in an amount to be shown by the evidence at trial;

(e) For Plaintiff to be awarded his general damages including his physical and mental pain and suffering, permanent disability and loss of enjoyment of life in an amount to be determined by the enlightened conscience of an impartial jury at trial;

(f) For Plaintiff to be awarded punitive damages in an amount to be determined by the enlightened conscience of an impartial jury at trial;

(g) For all costs and prejudgment interest to be cast against Defendant;

(h) For Plaintiff to recover any other damages in an amount to be determined by the enlightened conscience of an impartial jury at trial; and

(i) For all such further and general relief this Court deems equitable and just.

This 1st day of March, 2022.

                                                **FRIED GOLDBERG LLC**

                                                */s/ Brian T. Mohs*
                                                Brian T. Mohs
                                                Georgia Bar No. 228033

Three Alliance Center
3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326
Telephone:   404-591-1800
Facsimile:    404-591-1801
E-Mail:         brian@friedgoldberg.com